FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 JUL 11 PM 12: 15

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

CASE NO. 3:12-CV-783-J-12TEM

JEFFREY TOTH,

    Plaintiff,

v.

RUBIN & DEBSKI, P.A. and
HSBC BANK NEVADA, N.A.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act FCCPA, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, where Plaintiff resides in this State and this District, and where Defendants transact business in this District.

### PARTIES

4.    Plaintiff, Jeffrey Toth ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Flagler, and City of Palm Coast.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Rubin & Debski, P.A ("Rubin") is a professional association that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Rubin is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well as the FCCPA..

8. Defendant, HSBC Bank Nevada, N.A. ("HSBC") At all relevant times herein, acted as a debt collector in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.

9. Defendants are companies that are authorized to do business in Flagler County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Rubin.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Rubin, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Rubin used instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

13. Defendants have made at least one attempt to collect an alleged debt from the Plaintiff.

14. Plaintiff, via his counsel, sent notice that he was represented by counsel to Defendant HSBC Bank Nevada, N.A.'s ("HSBC") agent in fact, I.C. Systems, Inc. ("IC"), on October 4, 2011, in reference to account number ending in 8709. (*See* Letter dated October 4, 2011, attached hereto as Exhibit A).

15. IC received said notice on or about October 9, 2011, and upon receipt by its agent IC, HSBC had actual knowledge that Plaintiff was represented by counsel.

16. Thereafter, HSBC hired Rubin to collect the alleged debt with account number ending in 8709.

17. In connection with collection of an alleged debt in default, and despite HSBC's actual knowledge that Plaintiff was represented by counsel, HSBC, via its agent-in-fact Rubin, sent written communication dated March 22, 2012 directly to Plaintiff. (*See* Letter dated March 22, 2012, attached hereto as Exhibit B).

18. Rubin's letter of March 22, 2012, was Rubin's initial communication with Plaintiff.

19. The March 22, 2012 communication was hand-signed by an attorney, and was placed upon attorney letterhead.

20. In its letter of March 22, 2012, Rubin failed to state that no attorney with the firm had personally reviewed the particular circumstances of the account.

21. If no attorney had reviewed the particular circumstances of Plaintiff's account prior to Rubin sending, or causing to be sent, its March 22, 2012 correspondence, Rubin misrepresented the meaningful level of attorney involvement in the collections process.

22. Alternatively, if as represented by Rubin, an attorney had reviewed the particular circumstances of Plaintiff's account prior to Rubin sending, or causing to be sent, its March 22,

2012 correspondence, Rubin had actual knowledge that Plaintiff was represented by counsel, and communicated directly with Plaintiff despite such knowledge.

23. Plaintiff's counsel did not consent to Rubin's direct communication with Plaintiff.

24. At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from Rubin.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(3)
## DEFENDANT RUBIN

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. Rubin violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692 e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e (10)
## DEFENDANT RUBIN

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Rubin violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## ALTERNATIVE VIOLATION OF 15 U.S.C. § 1692c(a)(2)
## DEFENDANT RUBIN

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. In the alternative, Rubin violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel, where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE SECTION § 559.72(18) OF THE FCCPA AGAINST RUBIN

30. Plaintiff repeats and re-alleges each and every allegation contained above.

31. Rubin violated Fla. Stat. § 559.72(18) by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

32. As a result of Rubin's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JEFFREY TOTH, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## COUNT V
## VIOLATIONS OF THE SECTION § 559.72(18) OF THE FCCPA AGAINST HSBC

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33. HSBC violated Fla. Stat. § 559.72(18) by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

34. As a result of HSBC's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JEFFREY TOTH, by and through his attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Emotional and/or mental anguish damages;

   c. Statutory damages of $1,000.00;

   d. Plaintiff's attorneys' fees and costs;

   e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 9th day of July 2012.

Respectfully submitted,
JEFFREY TOTH

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com
